## Case No. 8,972.

### MAILLARD et al. v. LAWRENCE.

[3 Blatchf. 378.] [1]

Circuit Court, S. D. New York. Nov. 30, 1855.

CUSTOMS DUTIES—VALUE OF GOODS—TIME OF PURCHASE—OF EXPORTATION—PENALTY—PROTEST.

1. Where goods were invoiced and entered at their market value at the time of their purchase, and their value had increased between that time and the time of their exportation, and, under instructions from the treasury department, they were appraised at their value at the time of their exportation, and duties were assessed on that valuation, and also an additional duty of 50 per cent., under section 17 of the act of August 30, 1842 (5 Stat. 564), and were paid under a protest "against the demand of the duties charged upon the merchandise specified in the within entry," which said: "The difference between the sum so charged and what ought to have been levied upon the prices mentioned in the invoice, we shall claim to recover back, and we also protest against the penalty of 50 per cent. in addition to the duties charged, because the invoice was fair, and the said last mentioned sum is levied without the due process of law:" Held, that, under such protest, it could not be objected that the collector did not, under section 17 of said act of August 30, 1842, order a reappraisement, or that one of the examiners was partial and hostile to the importer.
[See Bangs v. Maxwell, Case No. 841.]

2. As the treasury instructions were given to the appraisers by the collector, to govern them in making the valuation as of the time of exportation, this fact, in connection with the protest, made the protest sufficient, under the act of February 26, 1845 (5 Stat. 727), to raise the objection that the goods were erroneously valued by the appraisers as of the time of their exportation, instead of as of the time of their purchase.

3. Under the said act of August 30, 1842, the valuation of the goods as of the time of their exportation, instead of as of the time of their purchase, was illegal.

4. The 50 per cent. penalty could be recovered back, as there was a protest against its exaction; and such protest was necessary, under said act of 1845, because such penalty was only an increase of duties.

This was an action [by Thirion Maillard and others] against [Cornelius W. Lawrence] the collector of the port of New York, to recover back an excess of duties and a penalty. The jury found a verdict for the plaintiffs, subject to the opinion of the court on a case.

John S. McCulloh, for plaintiffs.
J. Prescott Hall, for defendant.

BETTS, District Judge. The goods in question were invoiced in France, March 19th, 1845, at their actual market value and price at the time and place of their purchase, and were entered at the custom-house in New York, July 5th, 1845, at the invoice prices. Between the period of purchase and the period of exportation, the goods had largely increased in value. They were appraised at the custom-house, under the instructions of the secretary of the treasury, according to their value at the time of exportation, and the defendant collected duties

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

on that valuation, and also imposed an additional duty of 50 per cent., under the 17th section of the act of August 30, 1842 (5 Stat. 564).

It is not contended by the defendant that the duties were rightfully assessed. He admits that the time of purchase should have been the period taken for the valuation. But he insists that the protest does not entitle the plaintiffs to maintain this action. The protest is as follows: "We protest against the demand of the duties charged by the collector upon the merchandise specified in the within entry. The difference between the sum so charged and what ought to have been levied upon the prices mentioned in the invoice, we shall claim to recover back, and make the present payment under protest. We also protest against the penalty of 50 per cent. in addition to the duties charged, because the invoice was fair, and the said last-mentioned sum is levied against our will, without due process of law." The act prescribing the character of the protest to be made by importers, was passed in the February preceding this entry and protest (Act Feb. 26, 1845; 5 Stat. 727): and, although, anterior to that enactment, the form of protest in question might have been accepted, as giving the collector amply sufficient notice, different requisites are now demanded, and the protest must possess those exacted by the existing law, to enable the importer to call in question the legality of the proceedings of the collector.

The plaintiffs now claim, that the appraisement was not a legal basis for duties, because the defendant did not order a reappraisement, according to the provisions of the 17th section of the act of August 30, 1842 (5 Stat. 564). But it is to be observed, that it is not proved that the plaintiffs gave written notice to the collector of their dissatisfaction with the official appraisement. The collector is not authorized to call in a merchant appraiser, except upon such notice, and the first appraisal, accordingly, stands as fixed, under the provisions of the 16th section of the act of 1842.

Nor can the evidence given by the plaintiffs, proving the partiality of one of the examiners and his avowed hostility to the plaintiffs, and thus laying a foundation for the inference that his valuation was maliciously wrongful and extortionate towards them, be of any avail, because their protest does not allege notice to the defendant of those facts, so that he might have rectified the error, if he believed that any was produced thereby.

The plaintiffs proved, by one of the assistant appraisers, that the valuation of the goods was made under direction of the treasury department, as of the time of their exportation; and there is attached to the proofs the circular of the secretary of the treasury to collectors, bearing date May 15th, 1845, which orders appraisements of merchandise to be made at the market value at the period of exportation. The direction in the present case to the appraisers could only come through the collector to whom the circular was addressed. It emanated from the treasury department less than two months previous to this appraisement, and was given by the defendant to the appraisers, as the rule governing the valuation of the goods at their market price when exported, and not when purchased. We think that these facts, connected with the protest, bring sufficiently home to the defendant notice that the valuation and appraisement in question were, for that cause, not authorized by law. The defendant made his instructions the ground of his action, and estimated the entry, accordingly, at the period of exportation. The protest notified him that the price was beyond the market value of the goods, and that the true value was the invoice price, which plainly imported that the value was to be determined by the state of the market at the period of purchase. The evidence on the trial established the fact that the market value of the goods at the time of purchase was not more than the invoice prices. In view of the fact that the treasury circular was in the hands of the defendant, and was used by his officers as the rule governing their valuation of the goods, we think that the protest is to be regarded as an objection to that rule, and as an adequate compliance with the act of February 26, 1845, and that it set forth, with all necessary distinctness, the grounds of objection to the amount of duties assessed.

We have frequently decided that the act of August 30, 1842, required the duties to be assessed on the value of imports at the time of their purchase. Therefore, the adoption of a different period of valuation in this case was illegal; and, on the proofs given at the trial, the plaintiffs are entitled to recover the difference between the duties levied on the appraisement and those chargeable on the invoice, together with 50 per cent. thereon, collected as additional duties, together with interest on both sums.

We do not accede to the proposition of the plaintiffs, that the 50 per cent. added to the regular duties may be recovered by them without protest, on the ground that it is a penalty. We regard it as an increase, on the contingency specified, of the duties chargeable on the imports, and, accordingly, are of opinion, that the importer must pursue the same course, in respect to that incident, as to the principal, and cannot recover it as a separate demand and cause of action, but only upon protest, as required by the act of 1845. The chief duties, however, not having been rightfully assessed in this case, the incident or consequent increase charged upon the goods was unlawfully exacted, and must be repaid. Judgment for plaintiffs.